**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 CR 851 |
| | ) | Judge Robert W. Gettleman |
| FRANCISCO MENDEZ-NUNEZ, *et al.*, | ) | |
| (FRANCISCO SOTO) | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SOTO'S MOTION FOR
<u>IMMEDIATE DISCLOSURE OF FAVORABLE EVIDENCE</u>**

Defendant, **FRANCISCO SOTO**, by and through his attorney, **PATRICK W. BLEGEN**, pursuant to the Fifth and Sixth Amendments to the Constitution of the United States, and the principles enunciated in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963), *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763 (1972), *Agurs v. United States*, 427 U.S. 97, 96 S.Ct. 2392 (1976), and *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375 (1986), respectfully moves this Court to require the government to disclose immediately any previously undisclosed evidence or information known to the government or in its possession, custody, or control, the existence of which is known or by the exercise of reasonable diligence may become known, that is favorable to the defendant and is material to the issues of Defendant's guilt, innocence, or sentencing, or which bears upon the credibility of a government witness.

The information requested specifically includes, but is not limited to, the following:

1. Any and all grants of immunity, favors, or promises of any kind, made to any witness in connection with obtaining his or her testimony or assistance. This includes any plea agreement entered into between the government and the witness, as a result of which the witness is testifying against Defendant in this case, or on behalf of the government at any other trial, grand jury or other proceedings, or is otherwise furnishing information to the government. Also requested are any requests

for authorization from the Department of Justice to apply for compulsion orders in which the government attorneys, in setting forth the basis for said request, referred to suspicions or allegations of the government, or its agencies, with respect to the involvement of the witness in the allegations set forth in the indictment.

2.   Any assistance, financial or otherwise, provided by any attorney or agent of the government to any witness for any reason, including assistance with local or federal law enforcement agencies, or any other agency of federal, state, or local government.

3.   The criminal identification and history sheet of each potential government witness.

4.   Any criminal charges pending against any potential government witness which have not been disposed of either by conviction or acquittal.

5.   Any criminal activity in which a potential government witness has engaged which has not resulted in prosecution or conviction.

6.   All mental, psychiatric, or drug abuse and dependency records of any individuals who are intended to be called as witnesses insofar as said reports relate to said individual's ability to be truthful, forthright and honest as a witness and to know, hear, see, tell, and relate facts which occur in their presence as such is in the possession, custody, or control or is known to the government or as may become so known through the exercise of due diligence on the part of the government.

7.   Any handwritten notes, made contemporaneously or otherwise, memoranda, correspondence, transcripts, statements, or other memorializations pertaining to persons interviewed by the government who claimed to have knowledge or information concerning the allegations set forth in the indictment, in which the witness or interviewee stated in substance that he or she was unaware of Defendant's involvement in the allegations set forth in the indictment, or that the activities in which Defendant is alleged to have participated did not take place.

Defendant believes that this motion regarding favorable evidence, in its specificity, is necessitated by the Supreme Court's decisions in *Agurs, supra*, and *Bagley, supra*, in which the Court, in enunciating the standard of review to be applied in cases of non-disclosure of favorable evidence, distinguished between cases in which specific requests for such information were made prior to trial and cases where general requests or no requests were made. In *Bagley*, the

Court held that the test for materiality of such non-disclosed evidence was the same whether specifically requested or not; *i.e.*, the evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.

The *Bagley* Court recognized, however, that "the more specifically the defense requests certain evidence, thus putting the prosecutor on notice of its value, the more reasonable it is for the defense to assume from the non-disclosure that the evidence does not exist, and to make pretrial and trial decisions on the basis of this assumption." *Bagley, supra*, at 473 U.S. 682-683. Therefore, pursuant to the Court's admonition, "[t]he reviewing court should assess the possibility that [the preparation or presentation of the defendant's case may have been adversely affected] in light of the totality of the circumstances and with the awareness of the difficulty of reconstructing in a post-trial proceeding the course that the defense and the trial would have taken had the defense not been misled by the prosecutor's incomplete response." 443 U.S. at 683.

                Respectfully submitted,

                <u>s/Patrick W. Blegen</u>
                **PATRICK W. BLEGEN**, Attorney for
                Defendant, Francisco Soto.

**BLEGEN & GARVEY**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100

**CERTIFICATE OF SERVICE**

      I hereby certify that foregoing Defendant Soto's Motion for Immediate Disclosure of Favorable Evidence was served on April 14, 2008, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                                                                  s/ Patrick W. Blegen
                                                                  **PATRICK W. BLEGEN**
                                                                  53 West Jackson Boulevard, Suite 1437
                                                                  Chicago, Illinois 60604
                                                                  (312) 957-0100