IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 CR 851 |
| | ) | Judge Robert W. Gettleman |
| FRANCISCO MENDEZ-NUNEZ, *et al.*, | ) | |
| (FRANCISCO SOTO) | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SOTO'S MOTION TO
SUPPRESS EVIDENCE ILLEGALLY OBTAINED**

Defendant, **FRANCISCO SOTO**, by and through his attorney, **PATRICK W. BLEGEN**, pursuant to the Fourth Amendment to the Constitution of the United States, and Rules 2 and 12(b)(3) of the Federal Rules of Criminal Procedure, as well as this Court's inherent supervisory powers, respectfully moves this Court for its order suppressing as evidence in this, or any other criminal proceeding, any and all evidence, or fruits derived therefrom, obtained as a result of the warrantless search of the basement at 2846 West 39th Place, Chicago, Illinois.

In support of this motion, Defendant, through counsel, shows to the Court the following:

1.      On December 20, 2007, at approximately 6:30 a.m., a federal search warrant was executed at Defendant's home at 2846 West 39th Place, Chicago, Illinois. Defendant was present in the home, along with his wife and their three children.

2.      Prior to entry into the premises, a search warrant had been issued describing the place to be searched as follows:

> **The premises known as 2846 W. 39th Place, Unit F, Chicago, Illinois.**
>
> The premises to be searched is the first floor apartment, Unit F, of a white-frame house known as 2846 W. 39th Place, Chicago, Illinois. The address has two

      units in the primary residence (along with a separate coach house, which is not to be searched, located at the rear of the property, with the numbers 2846 displayed on the alley side). The only visible house number is a black 28 on the east side on the screen door. The building has a chain link fence in front with a gate. The entrance to the first floor unit, Unit F, is a wrought iron white screen door in the front of the residence and located at the top of a set of concrete stairs. (The second unit, which is not to be searched, is in the basement, with the entrance in the back of the building on the west side.)

A copy of the warrant containing this description is attached hereto as Exhibit A.

    3.    As the warrant makes clear, agents were permitted to search the "first floor apartment," but were precluded from searching the "second unit" which is "in the basement."

    4.    The affidavit in support of the search warrant also indicates that 2846 W. 39th Place is made up of two apartment units and a coach house. And the affidavit similarly indicates that neither the coach house nor the "second unit" in the basement were to be searched.[1] *See*, Excerpt of Affidavit in Support of Warrant, attached hereto as Exhibit B.

    5.    Nonetheless, when the agents executed the search warrant, they searched not only the first-floor as permitted by the warrant, but they searched the basement as well. In the basement, the agents indicate that they recovered, 524 grams of cocaine, 2 scales, $220.00 U.S.C., a cell phone and miscellaneous papers and documents, some or all of which the government has indicated it intends to introduce into evidence against Defendant at a trial in this matter.

    6.    The Fourth Amendment to the Constitution states that a warrant is only valid when it is based "upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const., Amend.

---

[1] The affidavit in support of the warrant application in one instance refers to the basement as the "second floor unit."

IV. Likewise, the Seventh Circuit has held that "probable cause to search one apartment in a multi-unit building does not support a warrant authorizing a search of the entire building." *Jacobs v. City of Chicago*, 215 F.3d 758, 767 (7th Cir. 2000). *See also*, *United States v. Butler*, 71 F.3d 243 (7th Cir. 1995); *United States v. Hinton*, 219 F.2d 324 (7th Cir. 1955). Thus, where the agents have reason to believe that a residence contains multiple units, the agents must exclude from the request for a search warrant any units to which they lack probable cause to search. *Maryland v. Garrison*, 480 U.S. 79, 85, 107 S.Ct. 1013 (1987).

7. Here, the warrant particularly described a single unit, "the first floor apartment," to be searched, but the agents also searched the basement. The scope of the warrant and the Fourth Amendment were clearly violated, and the items recovered from the basement must be suppressed.

8. Although Defendant will wait for the government's response to address their arguments in depth, it appears that the government will argue that upon entering the first floor at 2846 W. 39th Place, agents discovered that the basement was not a separate apartment at all, and was connected by an internal stairwell to the first floor. Armed with that new information, the agents then proceeded to search the basement.[2]

9. If it is indeed the government's position that the agents acted on new information as a basis for searching an area specifically excluded by the warrant, such argument cannot be successful.

10. In *Jones v. Willhelm*, 425 F.3d 455, 458-464 (7th Cir. 2005), a civil rights case, the

---

[2] The government has also raised "inevitable discovery" as a potential argument to avoid suppression. Counsel will address that issue, if necessary, in future pleadings.

Seventh Circuit evaluated a search pursuant to a warrant that permitted officers to search "the upstairs apartment on the right" of an apartment building. *Id*. Because the building had stairways at both the front and back, the warrant was ambiguous as to which apartment was to be properly searched, depending, of course, on which stairway was used. *Id*. The officer who applied for the warrant knew of this ambiguity because he was familiar with the building and the apartments based on surveillance in other cases. The officer nevertheless executed the warrant on a single apartment based on information he had learned during his surveillance on other cases. *Id*.

11. The Seventh Circuit held that the Fourth Amendment was violated both because: (1) the officer executed a warrant which was validly issued, but which he knew to be ambiguous; and, (2) because the officer decided which apartment to search based on information never disclosed to the magistrate, thus circumventing the role designated to the magistrate by the Fourth Amendment. *Id*. at 463-464.

12. In *United States v. Fahey*, 2008 WL 239152 (N.D. Ill.) (Lefkow, J.), Judge Lefkow applied *Jones* to a situation in which a warrant permitted the search of "Apartment D on the left at the top of the stairs" in a multi-unit building. As it turned out, the apartment on the left at the top of the stairs was Apartment C, and Apartment D was on the right. Relying on information not contained in the affidavit or otherwise presented to the judge, the agent who had applied for the warrant determined that Apartment C was the correct apartment, and the warrant was executed there. *Fahey*, at *2.

13. Following *Jones*, Judge Lefkow suppressed the evidence recovered from Apartment C, relying on *Jones* to conclude that, "Absent exigent circumstances, noting - -

neither the determination of probable cause nor the confirmation that a warrant is sufficiently particular - - is meant to be left to the discretion of the police officers executing a warrant." *Id*., at \*3, *quoting*, *Jones, supra,* and *citing*, *Stanford v. Texas*, 379 U.S. 476, 485, 85 S.Ct. 506 (1965). Thus, Judge Lefkow concluded, "the officers did not violate the Fourth Amendment because the warrant turned out to be ambiguous in scope; rather, the officers ran afoul of the Fourth Amendment because the knew *before* executing the warrant that it did not particularly describe the place to be searched." *Id*. (Emphasis in original).[3]

14.     Here, assuming the government makes an anticipated argument, the agents searched the basement after learning new information about the residence (that the basement was not a separate apartment unit), but having never submitted such information to the magistrate who issued the warrant. As such, the reasoning of *Jones* and *Fahey* are perfectly applicable. In fact, the Fourth Amendment violation for having circumvented the magistrate's role here is even more egregious as the warrant *unambiguously* stated that the basement was not to be searched. As such, the agents did not merely resolve an ambiguity without consulting the magistrate (already a Fourth Amendment violation under *Jones* and *Fahey*) they specifically searched an area made off-limits by the warrant without bothering to consult the magistrate.

15.     The agents' conduct violated the very terms of the search warrant as well as the Fourth Amendment, and the evidence recovered as a result must be suppressed.[4]

---

[3] It is the knowledge of a problem with the warrant that distinguishes *Jones, Fahey*, and the instant case from *Maryland v. Garrison*, 480 U.S. 79, 107 S.Ct. 1013 (1987), where officers learned that they were in an apartment not particularly described in a warrant after they had engaged in a partial search and recovered evidence.

[4] Because this case involves the clear violation of the terms of the search warrant, counsel has not included an affidavit of Defendant, and does not believe that an affidavit is necessary in order for the Court to resolve the motion. *See*, *United States v. Oliver*, 142 F.Supp.2d 1047 (N.D.Ill. 2001) (Kennelly, J.) (no requirement exists that an affidavit of the defendant be submitted in order for a hearing to be held "[b]ecause the government bears the ultimate burden of persuasion on most motions to suppress, there is no requirement that the defendant testify or even

WHEREFORE, Defendant respectfully requests that this Court enter its order suppressing from evidence in this, and any other criminal proceeding, evidence obtained as a result of the unlawful search of the basement at 2846 W. 39th Place, Chicago, Illinois.

        Respectfully submitted,

        s/ Patrick W. Blegen
        **PATRICK W. BLEGEN**, Attorney for
        Defendant, Francisco Soto.

**BLEGEN & GARVEY**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100

---

put on any affirmative evidence in order to prevail"); *United States v. Diaz*, 2004 WL 1093487 (N.D.Ill.) (Lefkow, J.) (noting that the Seventh Circuit has never held that an affidavit is required to make the requisite showing necessary for an evidentiary hearing on a motion to suppress); *United States v. McNeal*, 853 F.Supp. 1047 (N.D.Ill. 1994) (Hart, J.) (there is no requirement that a defendant submit an affidavit in support of a motion to suppress in order to obtain an evidentiary hearing). Counsel acknowledges that not all of the courts in this District agree, however. *See*, *United States v. Johnson*, 1997 WL 124269 (N.D.Ill.) (Conlon, J.); *United States v. Mallard*, 1994 WL 22958 (N.D.Ill.) (Williams, J.); *United States v. Robinzine*, 1993 WL 443394 (N.D.Ill.) (Plunkett, J.). In the event this Court requires an affidavit, counsel will provide one.

**CERTIFICATE OF SERVICE**

      I hereby certify that foregoing Defendant's Motion to Suppress Evidence Illegally Obtained was served on June 30, 2008, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

      s/ Patrick W. Blegen
**PATRICK W. BLEGEN**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100